UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GARY A. MANNING

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:07-cv-951

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

### SUPPLEMENTAL REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S UNOPPOSED MOTION FOR FEES (Doc. 17) BE GRANTED

This is a Social Security disability benefits appeal for which Plaintiff was awarded disability benefits. (Docs. 12 and 15). Seeking to be compensated for the work in obtaining the reversal and remand, Plaintiff's counsel has filed two motions to recover fees: one fee petition (Doc. 17) seeks recovery under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for 47.75 hours of work at various rates per hour, totaling $8,010.07; and the second fee petition (Doc. 18) seeks recovery under 42 U.S.C. § 406(b)(1)(A) of $17,581.50 in fees, representing 25% of the total of the past-due benefits to which the claimant was adjudged entitled by reason of this Court's judgment, which attorney fees recovery is expressly permitted under 42 U.S.C. § 406(b)(1)(A). The Commissioner did not object to either of Plaintiff's petitions.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

In the Report and Recommendation of 9/14/09 (Doc. 19) considering Plaintiff's two motions for attorneys' fees (Docs. 17 and 18), the undersigned misconstrued Plaintiff's second motion as amending or replacing the first motion and therefore found the first motion to be moot and recommended granting the second motion (*see* Doc. 19 at fn. 2), which Report and Recommendation the District Judge adopted (*see* Doc. 22).

However, upon review of Plaintiff's subsequent pleading (*see* Doc. 21), the undersigned is convinced that he erred in determining the first motion to be moot and hereby VACATES that finding. Accordingly, this Supplemental Report and Recommendation acts to remedy the previous Report and Recommendation and recommends that Plaintiff's motion for recovery of fees under the EAJA (Doc. 17) also be GRANTED, as set forth herein, and as expressly provided for by law.

The Plaintiff's two petitions for recovery of attorney fees are not incompatible with each other nor are they duplicate applications for attorneys fees. The filing of the second petition did not render the first petition moot. Instead, both motions are cognizable at law, and both fees may be properly awarded to Plaintiff's counsel (if well-taken, as they are), but the smaller of the two must be refunded to Plaintiff to defray his legal costs for the action.

The syllabus of the decision of the United States Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), states the rule:

> An attorney who successfully represents a Social Security benefits
> claimant in court may be awarded as part of the judgment
> "a reasonable fee ... not in excess of 25 percent of the ... past due
> benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A).
> The fee is payable out of, and not in addition to, the amount of [the]
> past dues benefits." Ibid. In many cases, as in the instant case,
> the Equal Access to Justice Act (EAJA) effectively increases the
> portion of past due benefits the successful Social Security claimant
> may pocket. Under EAJA, a party prevailing against the United
> States in court may be awarded fees payable by the United States if
> the Government's position inn the litigation was not "substantially
> justified." 28 U.S.C. §2412(d)(1)(A). **Congress harmonized fees
> payable by the Government under EAJA with fees payable under
> 406(b) out of Social Security claimant's past due benefits:
> <u>Fee awards may be awarded made under both prescriptions,
> but the claimant's attorney must refund to the claimant the
> amount of the smaller fee, up to the point claimant receives 100
> percent of the past due benefits</u>.** (emphasis supplied).

Thus, in the present case, fees may be awarded under both Title II and the EAJA, while the EAJA award should be paid directly to the Plaintiff, as it is less than the amount awarded to counsel under Title II. The EAJA application is not "moot," but should be granted in addition to the Title II fees already awarded by the Court, provided the EAJA application is well-taken, as it is, as reflected *infra*.

The EAJA provides that:

> "[A] court shall award to a prevailing party . . . fees and
> other expenses . . . incurred by that party in any civil action
> . . . including proceedings for judicial review of agency
> action, brought by or against the United States in any court
> having jurisdiction over that action, unless the court finds
> that the position of the United States was substantially
> justified or that special circumstances make an award
> unjust."

28 U.S.C. § 2412(d)(1)(A).

Recognizing that Plaintiff is a "prevailing party" as defined; that this civil action was brought against the United States to review agency action by the Social Security Administration; and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees are warranted. There is no claim that the Commissioner's position during this litigation was "substantially justified" and no evidence that "special circumstances" exist to bar a fees award. And the Commissioner has not filed any objections to either fee petitions.

Accordingly, it is therefore **RECOMMENDED** that the unopposed EAJA fee petition (Doc. 17) be **GRANTED,** and that Plaintiff's counsel be **AWARDED** the requested $8,010.07 in fees, to be refunded directly to the claimant as directed by the decision of the United States Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Date: 10/20/09

Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GARY A. MANNING | Case No. 1:07-cv-951 |
| Plaintiff, | Chief Judge Susan J. Dlott<br>Magistrate Judge Timothy S. Black |
| vs. | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | |
| Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 (1985).